IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTRADE INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOREIGN CARGO MANAGEMENT CORP., PRIORITY TRANSPORTATION BROKERS, MAC'S LOGISTICS CORP., FCM TRANSPORT, THOMAS ANDERSON, PAUL THOMPSON, and DOES 1 through 50, <br><br> Defendants. | 1: 07-CV-1893 AWI GSA <br><br> ORDER DENYING MOTIONS TO DISMISS <br><br> ORDER GRANTING PLAINTIFF SIXTY ADDITION DAYS IN WHICH TO SERVE DEFENDANTS <br><br> (Documents #21 & #22) |

## BACKGROUND

On November 9, 2008, Defendants filed two motions to dismiss pursuant to Rule 4(m) and Rule 12(h) of the Federal Rules of Civil Procedure.  Defendants contend that they have either not been served or were served 186 days after the complaint was filed.  Defendants also contend that in January 2008, before service of any Defendants, a third party paid Plaintiff much of the money at issue in this action.  Thus, Defendants contend less than $75,000.00 is in controversy, making this court without jurisdiction.

On November 26, 2008, Plaintiff filed an opposition.  Plaintiff contends that it did make diligent efforts to serve all defendants, but Defendants evaded service.  Plaintiff contends that

the amount in controversy is measured at the time the complaint is filed, and Defendants have failed to provide any evidence that the amount in controversy was not over $75,000.00 at the time this action was filed.

On December 15, 2008, Defendants filed reply briefs.

## DISCUSSION

**A. Failure to Serve Within 120 Days**

Defendants contend that this action is subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Defendant Foreign Cargo Management dba Priority Transportation Brokers and Defendant Mac's Logistics Corporation have not been served and Defendant Thomas Anderson and Defendant Paul Thompson were not served until July 2, 2008, more than 186 days after this matter was filed.  Plaintiff contends that it made diligent efforts to serve all defendants, but Defendants evaded service.  Plaintiff also argues that Defendants have not shown that they were prejudiced by late service.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the is not served within 120 days after the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Rule 4(m) permits a district court to grant an extension of time to serve the complaint after the 120-day period has expired.  Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).  In fact, the court has been accorded discretion to enlarge the 120-day period "even if there is no good cause shown."  Henderson v. United States, 517 U.S. 654, 662-63 (1996).

Plaintiff contends that the late service in this action should be excused because Defendants made it difficult to serve them.  Defendant's evasion of service or attempts to frustrate service have been found "good cause" for delay in effecting service See Hendry v.

2

Schneider, 116 F.3d 446, 449 (10th Cir. 1997).    Plaintiff's process server states that service was attempted many times at several addresses.   Plaintiff's process server concluded Defendants were attempting to evade service because no one at the business address would acknowledge that it was a business.   Plaintiff's attorney states that he believed service was proper as of April 10, 2008.   When Defendants' attorney advised Plaintiff's attorney Defendants had not been properly served, Plaintiff's attorney again served documents at Defendants' place of business.

It appears that those Defendants were served pursuant to California Civil Procedure Code 415.20, which allows for service to someone else at a defendant's residence or place of business. In Defendants' reply brief, they appear to concede that the summons and complaint were accepted at Defendants' place of business and at one Defendant's residence by his wife.   In their reply brief, Defendants contend that this service is still not complete because no copy was ever mailed.   California Code of Civil Procedure § 415.20(a) provides that after service at a business or residence to someone other than the defendant, the copy of the summons and complaint must be mailed by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.   Cal. Code Civ. P. § 415.20(a)    Defendants contend this mailing has never occurred.

Under the facts of this case, the court will allow sixty more days for Plaintiff to perfect service.    Plaintiff provides evidence of good faith attempts to serve Defendants.    Whether Defendants are evading service or merely businessmen who travel, it appears they have been difficult to service.    The court recognizes that the services Plaintiff has made may be in violation of California Civil Procedure Code § 415.20, however this contention was not raised until Defendants' reply brief.   A new argument cannot be raised for the first time in a reply brief. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1176 & n. 4 (9th Cir.1995) (issues not raised in opening brief may not properly be raised in reply); In re Lal, 2002 WL 449661 *3 (N.D.Cal. Mar 15, 2002) (advancing new arguments in reply brief is improper); United States v. Boyce, 148 F.Supp.2d 1069, 1085 (S.D. Cal. 2001) (finding it improper for party to raise new argument in

3

reply brief). In light of the attempts Plaintiff appears to have made to serve the summons and complaint, the limited evidence Defendants have provided to the court to refute Plaintiff's good faith attempts, and the low standard necessary for a party to receive more time within which to serve, the court will grant Plaintiff sixty more days in which to serve Defendants with the summons and complaint.

**B. Diversity Jurisdiction - Is $75,000 in Controversy?**

Defendants contend that Plaintiff did not properly file this action in federal court. Rule 12(h)(3) of the Federal Rules of Civil Procedure allows the court to dismiss an action for lack of subject matter jurisdiction. Defendants contend that this action does not meet the threshold amount in controversy of $75,000.00 to effectuate jurisdiction under 28 U.S.C. § 1332. Defendants argue that the complaint alleges that Plaintiff is owed $97,555.00 for outstanding invoices but this amount is no longer owed. Defendants provide documents that they claim show that on January 22, 2008, before any Defendant was served, Plaintiff received payment in the amount of $84,410.00 directly from the shipper for the invoices. Plaintiff contends that jurisdiction is viewed at the time the action is filed. Plaintiff contends that at the time this action was filed on December 28, 2007, $97,550.00 was in controversy. Plaintiff argues that jurisdiction is proper because at the time this action was filed, over $75,000.00 was in controversy.

The court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states or foreign states. 28 U.S.C.A. § 1332(a). The amount in controversy is generally determined from the face of the pleadings. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000); Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir. 1986). As long as the sum claimed by the plaintiff is made in good faith, that sum controls. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); Crum, 231 F.3d at 1131.

1    The Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).  If the complaint as filed puts more than $75,000 at issue, then a district court has jurisdiction and may resolve on the merits of every legal theory and aspect of damages.  Johnson v. Wattengarger, 361 F.3d 991, 993 (7th Cir. 2004).  Thus, the court finds jurisdiction is proper based on the complaint's allegation that $97,550.00 is in issue and Defendants' failure to prove the contract underlying this action is for less than $75,000.00.

    The court does note that 28 U.S.C.A. § 1332(b) provides that if a plaintiff files a diversity complaint alleging more that $75,000 is in controversy but the plaintiff obtains less than the sum or value of $75,000, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.  "This device is the principal safeguard against inflated demands. . . .", and the court should apply Section 1332(b) "to the bottom line, rather than attempt to ascertain day by day whether the judgment is likely to come in under $75,000." Johnson, 361 F.3d at 994.  Thus, to the extent Defendants believe Plaintiff is proceeded in federal court knowing it will obtain far less than $75,000, Defendants' remedy may be found in Section 1332(b).

**ORDER**

Accordingly, the court ORDERS that:

1.  Defendants' motions to dismiss are DENIED;
2.  Plaintiff is ORDER to complete all remaining service under the applicable law or dismiss any unserved Defendant within 60 days of this order's date of service;
3.  Plaintiff is FOREWARNED that any Defendant not properly served with 60 days will be dismissed from this action pursuant to Rule 4(m).

IT IS SO ORDERED.

**Dated:**   December 23, 2008                /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE